## CHESAPEAKE, OHIO & SOUTHWESTERN RAILROAD COMPANY *v.* THE STATE.

REPAIRING OF HIGHWAYS. *Duty of Railroad Company.* The conditions of a charter which require a railroad company, in constructing its lines, " to leave the streams, streets, highways, etc., in their former condition," does not obligate the company to keep the roads, etc., in repair.

### FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale county.    T. J. FLIPPIN, J.

Railroad Company *e.* The State.

HOLMES CUMMINS and PARKS & DRAPER for Railroad Company.

LATTA & RICHARDSON for the State.

TURNEY, J., delivered the opinion of the court.

Plaintiff in error was indicted and convicted in two instances (one in Dyer, the other in Lauderdale county), for obstructing travel, etc., on the public roads, by its failure to repair and keep in repair, bridges built by itself over cuts made for its roadbed across said public roads.

The charter under which the railroad company operates contains the provision: "That the said railroad company are hereby vested with all the powers and rights necessary to the construction of a railroad from the the city of Memphis, in Shelby county, Tennessee, to be run through said county of Shelby, Tipton, Lauderdale, Dyer and Obion, to the State line of the State of Kentucky,    *   *   *   and in addition to the powers hereinbefore granted, said corporation. shall have the following special defined powers, that is to say:   *   *   *   Fifth, to construct their road and branches across any stream of water, water course, road, highway or railroad, so as not to interfere with the free use of the same, and in such manner as to afford and leave in good repair and well constructed for public use all such streams of water, water courses, roads, highways, streets, and alleys, and shall restore the stream of water, road or highway, street or alley thus intersected to its for-

mer good condition, or in a sufficient manner not to have unnecessarily impaired its usefulness, or injured its franchise." In the construction of the railroad, the company did build over the cuts good, substantial and safe wooden bridges, and which, it is agreed, remained good, substantial and safe crossings for several years, but which, before the indictments, became unsafe and dangerous to the traveling public, and the railroad refused to repair.

Does the charter require the plaintiff in error to keep in repair? We think the language of the charter clearly expresses an intention of the Legislature that the road, highway, etc., should be left in good and safe condition, and not that the company should be obligated to repair and rebuild in case the crossing, etc., became defective or gave way entirely by use or pure decay by length of time. The public, by acquiescing in the course of the company in putting wooden structures, and by using such structures, must be presumed to have accepted the bridges as a compliance with the obligations of the charter. The clause cited has reference alone to the time of the construction of the railroad, and is without prospective operation. If the towns and counties in which the road was being built were dissatisfied with the material of which the bridges were being built, or the character of building, and were aggrieved because their highways were unnecessarily impaired in their usefulness, they were not without remedy. The charter was the law by which the company was to construct its road; it was bound to conform to that law.

If it undertook to evade or violate it, the court of chancery would have not only restrained the violation but have enforced obedience to its requirements.

The conditions in the charter were for the benefit of the public, and if the public was satisfied with the bridges at the time, and used them without objection, and as though the public roads had been restored to their former condition, *or in a sufficient manner not to have unnecessarily impaired their usefulness,* it is estopped now to make the question. Having received the bridges as restorations of their roads, the public with whom they are must keep up repairs. We so held at Knoxville, in September, 1876, in the case of *East Tennessee, Virginia & Georgia Railroad Company,* v. *Parker & Son,* manuscript opinion by Special Judge Lea.

Judgments reversed, and judgments for plaintiff in error, the cases having been tried without a jury.